UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMON D.M. MATHIS,

      Petitioner,                   Civil No. 2:16-CV-14211
                                         HONORABLE PAUL D. BORMAN
                                         UNITED STATES DISTRICT JUDGE

v.

STEVEN MERLAK,

      Respondent,

_____/

OPINION AND ORDER TRANSFERRING THE PETITION FOR WRIT OF
HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241 TO THE UNITED
STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

      Damon D.M. Marthis, ("petitioner"), presently confined at the Federal Correctional

Institution in Elkton, Ohio, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. §

2241.  In his *pro se* application, petitioner challenges the decision at a prison disciplinary hearing

conducted by the Bureau of Prisons (B.O.P.) which resulted in the imposition of thirty days

disciplinary segregation, the forfeiture of twenty one days good conduct time, and the loss of

other privileges.  In the interests of justice, the Court concludes that jurisdiction over this petition

lies in the United States District Court for the Northern District of Ohio and will therefore order

that the petition be transferred to that district.

I.  DISCUSSION

      This Court lacks jurisdiction over petitioner's habeas application because petitioner is not

incarcerated in the Eastern District of Michigan.

1

In general, jurisdiction for core habeas petitions in which a petitioner challenges his present physical confinement lies only in the district of confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). A district court may not entertain a habeas corpus petition unless it has personal jurisdiction over the custodian of the prisoner. *Guerra v. Meese*, 786 F. 2d 414, 415 (D.C. Cir. 1986). The habeas corpus power of federal courts over federal prisoners has been confined by Congress through 28 U.S.C. § 2241 to the district court within whose territorial jurisdiction the custodian is located. *Wright v. United States Board of Parole,* 557 F. 2d 74, 77 (6th Cir. 1977). Claims which seek to challenge the execution or manner in which a federal prisoner's sentence is served shall therefore be filed in the court having jurisdiction over the prisoner's custodian pursuant to § 2241. *Charles v. Chandler,* 180 F. 3d 753, 756 (6th Cir. 1999); *Griffin v. Herrera,* 212 F. Supp. 2d 707, 709 (E.D. Mich. 2002). As a result, habeas corpus proceedings may occur in a court of confinement that is different from the court of conviction. *See Martin v. Perez,* 319 F. 3d 799, 803 (6th Cir. 2003). Therefore, the fact that petitioner was convicted in the United States District Court for the Eastern District of Michigan [1] would not give this Court jurisdiction over his § 2241 habeas petition, because this Court does not have jurisdiction over the warden of the federal prison where petitioner is incarcerated. *See Robinson v. Morrison,* 27 F. App'x. 557 (6th Cir. 2001).

Petitioner claims that he was found guilty at a prison disciplinary hearing of violating B.O.P. policy by not having his prison identification card on him at all times. Petitioner claims

---

[1] Petitioner was convicted of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Petitioner is currently serving a sentence of 75 months in prison. *See United States v. Mathis*, No. 2:13-CV-20262 (E.D. Mich.).

2

that he was wrongly convicted of this misconduct because there is video evidence that another prisoner stole and used his prison identification card. Petitioner seeks a restoration of his good time credits and restitution for money that he had to spend during his six month restrictions.

Petitioner's current habeas petition involves a prison disciplinary hearing that resulted in the loss of good time credits which can only be brought in the federal district where petitioner is currently incarcerated. *See Queen v. Nalley*, 250 F. App'x. 895, 896 (10th Cir. 2007); *See also Pearson v. Wiley*, 241 F. App'x. 488 (10th Cir. 2007)(federal district court in Colorado lacked jurisdiction to consider petition filed by petitioner who was attacking execution of sentence imposed for disciplinary infraction while he was incarcerated in Colorado but who had been transferred to prison in Indiana and was currently confined in Indiana). Petitioner's current custodian is the warden of the Federal Correctional Institution in Elkton, Ohio, which is located in the United States District Court for the Northern District of Ohio.

Pursuant to 28 U.S.C. § 1631, a district court is required to transfer an action in which it lacks jurisdiction to the appropriate federal jurisdiction "if it is in the interest of justice." *See Roman v. Ashcroft*, 340 F. 3d 314, 328 (6th Cir. 2003). Where a federal district court in which a habeas petition was brought lacks personal jurisdiction over the respondent or venue is otherwise inappropriate, the district court may transfer the case to the appropriate district court *sua sponte. Chatman-Bey v. Thornburgh,* 864 F. 2d 804, 813-814 (D.C. Cir. 1988); *Verissimo v. I.N.S.*, 204 F. Supp. 2d 818, 820 (D.N.J. 2002). Because this Court does not have personal jurisdiction over petitioner's custodian, it must transfer the case to the federal district court which has jurisdiction over petitioner's custodian. *Ozoanya v. Reno,* 968 F. Supp. 1, 8 (D.D.C. 1997).

II. ORDER

Accordingly, the Court ORDERS the Clerk of the Court to transfer this case to the United States District Court for the Northern District of Ohio.

SO ORDERED

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  December 8, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 8, 2016.

s/Deborah Tofil
Case Manager

4